1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | FRANCISCO JAVIER SOLORIO LICEA,    CV F   05-00932 REC SMS HC

10 |                    Petitioner,    FINDINGS AND RECOMMENDATIONS
   |                                   REGARDING PETITION FOR WRIT OF
11 |        v.                         HABEAS CORPUS

12 |                                   [Doc. 1]
   | BERNIE ELLIS, Warden,
13 |
   |                    Respondent.
14 | _____/

15

16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241.

18                                  BACKGROUND[1]

19        Petitioner is currently in custody at the Taft Correctional Institution, in Taft, California,

20  pursuant to a judgment rendered by the United States District Court for the District of Arizona,

    Tuscon Division, for a violation of 8 U.S.C. § 1326(a) and § 1326(b)(2).  (Petition, at 2.)
21
22        Petitioner was sentenced to 42 months in federal custody.  (Id.)

23        Petitioner did not appeal his conviction.  (Id.)

24        Petitioner indicates that he did however file a motion to vacate, set aside or correct the

25  sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.[2]  (Id. at 4.)  On September 16,

26  _____

27        [1] This information is derived from the petition for writ of habeas corpus.

28        [2] In that petition, Petitioner raised a claim regarding the denial of participation in BOP benefits and
    programs.

                                           1

1    2004, the sentencing court denied the motion.  (Id.)

2         On July 21, 2005, Petitioner filed the instant petition for writ of habeas corpus contending

3    that the district court erred in enhancing his base offense level by 16 levels based on his prior

4    conviction for lewd and lascivious acts upon a child under fourteen and the enhanced criminal

5    history category based on his misdemeanor driving infractions was erroneous in violation of the

6    Sixth Amendment.  Petitioner further contends that the court's reliance on his prior convictions

7    to enhance his sentence was in violation of the Sixth Amendment right to a finding by jury.

8                                        JURISDICTION

9         A federal prisoner who wishes to challenge the validity or constitutionality of his

10   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

11   under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.

12   Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

13   Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*

14   *court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

15   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

16   2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see

17   also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

18        In contrast, a federal prisoner challenging the manner, location, or conditions of that

19   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

20   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d

21   175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);

22   United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,

23   478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);

24   Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

25        In this case, Petitioner is challenging the validity and constitutionality of his sentence

26   rather than an error in the administration of his sentence.  Therefore, the appropriate procedure

27   would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

28        In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

2

under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner indicates that he previously filed a § 2255 motion which was denied on September 16, 2004. (Petition, at 4.) Petitioner indicates that he challenged the denial of participation in BOP benefits and programs. In an attempt to demonstrate that § 2255 is inadequate or ineffective, Petitioner contends that AEDPA forbids the filing of more than one § 2255 motion. Petitioner is mistaken. First, Petitioner does not state whether he raised his sentence challenges to the Arizona District Court in his § 2255 motion. Second, Petitioner has not stated whether he has sought permission to file a successive § 2255 motion. It is possible that the motion would be granted in which case Petitioner would have another opportunity to present his claim in the proper forum. Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the sentencing court. Accordingly, the petition should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus be DISMISSED; and

2.      The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 6, 2005**                       **/s/ Sandra M. Snyder**
icido3                                                          UNITED STATES MAGISTRATE JUDGE